BRYAN, Judge,
concurring in the result.
In my opinion, the juvenile court specifically found, based on evidence received ore tenus, that the two children were dependent. Indeed, the court’s judgment states that the two children “are dependent children as that term is defined in the Code of Alabama, in that the children’s mother is deceased and the father, as a result of his alcohol abuse and failure to receive appropriate rehabilitation for same, is unable to discharge his responsibilities to and for the children at this time.” As Judge Murdock stated in his dissent in F.G.W. v. S.W., 911 So.2d 1, 8 (Ala.Civ.App.2004), “[i]n order to adjudicate a child dependent, a trial court must determine that one or more of the delineated standards imposed by § 12-15-1(10), which define dependency, is satisfied.” I am convinced that the juvenile court, by finding “from clear and convincing evidence,” § 12 — 15—65(f), Ala.Code 1975, that the children were dependent because the children’s mother is deceased and the father is unable to take care of the children due to his alcohol abuse and his failure to stop that abuse, found facts satisfying the definition of dependency in § 12-15-1(10)k. (defining a dependent child as a child whose parents, guardians, or other custodians “are unable to discharge their responsibilities to and for the child”). Therefore, the juvenile court did not err in finding the children dependent in the adjudicatory phase of the proceeding.
The judgment indicates that the juvenile court then applied the best-interests stan-' dard in the dispositional phase of the proceeding.[2] The juvenile court found that “it would be in the best interests of the chil *76 dren that custody be awarded to the maternal grandmother, the petitioner.” (Emphasis added.) That was the correct standard to apply in the dispositional phase. Therefore, I concur in the result.
MURDOCK, J., concurs.

. Although the father was entitled to a rebut-table presumption that it was in the best interest of the children for them to be in his custody, the maternal grandmother rebutted that presumption with clear and convincing evidence indicating that the father could not discharge his responsibilities to and for the children.